Eastern District of Kentucky
F I L E D
AUG 03 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LAMAR CHAVES THORNTON and<br>JERROD DOOLIN<br>Defendants. | CRIMINAL NO. 5:17-26-KKC<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Lamar Chaves Thornton and Jerrod Doolin's Motion to Sever.[1] (DE 138.) For the reasons set forth below, the Court finds that introduction of statements made by Thornton's co-defendant Doolin to police during his interrogation, as currently redacted, would violate Thornton's Confrontation Clause rights. The Court, however, will defer ruling on Thornton's motion until it receives notice from the United States regarding how it wishes to proceed in this matter.

I. Background

Thornton and Doolin, along with Jeffrey Ruggiero, Darmon Shaw, and Thomas Lehman, are charged with a conspiracy to distribute a substance containing a detectable amount of heroin and a detectable amount of a fentanyl analogue in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. (2d Superseding Indictment, DE 65, at 1–2.) Lehman, individually, is charged with possessing, with intent to distribute a mixture containing heroin, carfentanyl, and methamphetamine. (Count 2 DE 65 at 2.) Ruggeiro and Doolin are

---

[1] The Court granted Doolin's motion to join in Thornton's motion to sever during the status conference held on April 18, 2018. (DE 154.)

1

both charged with distributing a substance containing heroin and carfentanyl, the use of which resulted in serious injury to a third party. (DE 65, at 3.) Finally, Doolin, individually, is charged with possessing, with intent to distribute, a substance containing heroin and carfentanyl.

During the course of the investigation, law enforcement obtained multiple statements from Thornton's co-defendants which implicated him in the alleged drug trafficking conspiracy. First, following his arrest, Doolin gave a recorded statement to law enforcement implicating Thornton. Specifically, Doolin alleged that an individual known as "Juice" was his supplier of narcotics.[2] Doolin also stated that "Juice" would travel to Kentucky to provide him with heroin. Second, Doolin made two recorded phone calls to Doolin on January 11, 2017 and January 13, 2017. During those calls, Doolin purported to inform Thornton that he needed to acquire narcotics, asked Thornton if he needed to travel to Detroit, and made other inculpatory statements.[3]

The Court held a hearing on Defendant's motion to sever and ordered the United States to provide Defendants with any redacted statements that it intended to introduce by March 31, 2018. (DE 146.) During the most recent status conference, held on April 18, 2018, Defendants were given twenty-one days to object to any portions of Doolin's video deposition which it believed created Sixth Amendment Confrontation Clause issues. Thornton was also ordered to file a memorandum in support of his motion to sever regarding the recorded calls made by Doolin. (DE 154.) Thornton filed a memorandum in support (DE 158) but did not file specific objections. The Court extended the time for Thornton to file objections (DE 180;

---

[2] Doolin first alleged that his supplier was nicknamed "Dro," but later stated that it was Juice.

[3] Thornton claims that inculpatory statements were also made by Lehman and Ruggiero, but it does not appear that the United States intends to introduce these statements. The United States did not provide a transcript of the January 13 call and therefore it appears that it only intends to introduce the January 11 call.

DE 184) and the proposed redacted transcripts (DE 194) and objections (DE 200) have now been filed. This matter is now ripe for review.

## II. Analysis

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). Admission of an out-of-court statement made by a non-testifying co-defendant that inculpates another defendant, even if limiting instructions are given, violates the Confrontation Clause. *Bruton v. United States*, 391 U.S. 123, 128-33 (1968). A Confrontation Clause violation can be avoided, however, if the non-testifying co-defendant's statement is "redacted to eliminate not only the defendant's name, *but any reference to his or her existence.*" *Richardson v. Marsh*, 481 U.S. 200, 211 (1998) (emphasis added).

A statement is testimonial if "the declarant intend[ed] to bear testimony against the accused." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). The declarant's intent "may be determined by querying whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *Id.* Additionally, for a statement to be testimonial, "the statement must be used as hearsay—in other words, it must be offered for the truth of the matter asserted." *United States v. Gibbs*, 506 F.3d 479, 486 (2007) (quoting *United States v. Pugh*, 405 F.3d 390, 399 (2005)).

### A. Doolin's interrogation

The statements given by Doolin to law-enforcement implicating Thornton are clearly testimonial. *See, e.g., id.* ("A statement made knowingly to the authorities that describes

3

criminal activity is almost always testimonial." (quoting Richard D. Friedman, *Confrontation: The Search for Basic Principles*, 86 Geo. L. J. 1011, 1042 (1998)). The United States argues that it has sufficiently redacted the transcripts to remove references to Thornton and therefore severance is not required. This argument is unavailing. The subject matter of Doolin's interrogation centers on identifying his supplier—Thornton. The interview has been redacted to replace references to Thornton's nickname with "he" or "him." The use of "he" or "him" is itself insufficient; to avoid a *Bruton* violation, the name must be replaced "with a neutral word, such as 'the person' or 'another person.'" *United States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007). But even if a neutral pronoun was used, the redaction would still not solve the *Bruton* problem presented by the transcript. Doolin makes a number of references to Detroit, Thornton's use of a nickname, and telephone calls arranging drug transactions. Because Thornton is from Detroit, is indicted with an "AKA," and the United States intends to introduce a recorded telephone call where Doolin and Thornton arrange a drug transaction, the jury will naturally conclude that Thornton is the unnamed individual being discussed.

While the Court has determined that the current redacted transcript creates a *Bruton* problem, it remains the decision of the United States as to whether it wishes to sever the trials or proceed with the joint trial without presenting the statements made by Doolin to police. Alternatively, the United States could still further redact the transcript to use neutral pronouns, remove references to Detroit, the nickname, and telephone calls to prevent the jury from directly inferring that Thornton is the unnamed individual. The United States should decide how it wishes to proceed and inform the Court by notice prior to the hearing scheduled in this matter on August 9, 2018.

*B. Thornton and Doolin's recorded phone call*

Unlike the interrogation of Doolin, admission of the recorded phone call between Doolin and Thornton does not present any *Bruton* issues. Thornton's own recorded statements are admissible as statements against penal interest. Fed R. Evid. 804(b)(3). For a statement to be admissible under Rule 804(b)(3), "the declarant must be unavailable, the statements must, 'from the perspective of the average, reasonable person,' be adverse to the declarant's penal interest, and corroborating circumstances must 'truly establish the trustworthiness of the statement.'" *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009) (quoting *United States v. Tocco*, 200 F.3d 401, 414 (6th Cir. 2000)). Thornton's statements are admissible because he is unavailable, since he is likely to invoke his Fifth Amendment right against self-incrimination;[4] from the perspective of a reasonable person, they are adverse to his interests because they concern his involvement in a drug trafficking conspiracy; and they are corroborated based on the existence of the recording. Doolin's statements are admissible as providing context for Thornton's statements, not for the truth of the matter asserted. *See United States v. Sexton*, 119 F. App'x 735, 743 (6th Cir.), *vacated on other grounds*, 2005 WL 6011238 (2005). Therefore, because Doolin's statements are not hearsay, they fall outside of the scope of the Confrontation Clause and the recorded telephone call can be admitted in a joint trial of Doolin and Thornton. *See Gibbs*, 506 F.3d at 486.

**III. Conclusion**

Accordingly, for the reasons set forth above, the Court **HEREBY ORDERS** that:

(1) the United States **SHALL** inform the Court by filing a notice on the docket whether it intends to proceed with a joint trial or sever the trials by August 8, 2018;

---

[4] The United States incorrectly asserts that it is Doolin's unavailability that satisfies this prong. Thornton, not Doolin, is the relevant declarant for the Rule 804(b)(3) analysis.

(2) the Court will defer ruling on Defendant Lamar Chaves Thornton's Motion to Sever (DE 138) until the hearing scheduled for August 9, 2018.

Dated August 3, 2018.



Signed By:
Karen K. Caldwell
United States District Judge