UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:17-CR-26-KKC |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| LAMAR CHAVES THORNTON and JERROD DOOLIN, | |
| Defendants. | |

On August 9, 2018, the Court held a hearing regarding Defendant Lamar Chaves Thornton's Motion to Suppress (DE 168) and Motion to Sever (DE 138). Consistent with the Court's ruling at the hearing, both motions are **DENIED**.

## I. Motion to Suppress (DE 168)

According to his motion to suppress, Defendant Thornton was arrested on January 19, 2017, after law enforcement pulled over a vehicle that he and Co-Defendant Darmon Shaw were travelling in. Following his arrest, Thornton was placed in the back of a police cruiser and subsequently transported to a Drug Enforcement Agency ("DEA") office in Detroit. Thornton was interviewed regarding his involvement in trafficking controlled substances.

In his motion, Defendant Thornton argues that any statements he made while in custody, beginning with statements made during his initial arrest and including statements made during his interview, must be suppressed. As grounds, Thornton argues that the United States has not met its burden to establish that law enforcement complied with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). After conducting an evidentiary hearing on the motion, the Court disagrees.

    A. *Adequacy of Warnings and Waiver*

*Miranda* requires a suspect subject to custodial interrogation to be "warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602. There is no dispute that Thornton was subject to a custodial interrogation, and therefore the burden is on the government to prove compliance with *Miranda* and a valid waiver by Thornton. *See United States v. Thomas*, 38 F. App'x 198, 202 (6th Cir. 2002). For a waiver to be valid, it must be made "voluntarily, knowingly, and intelligently." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135 (1986). For a waiver to be involuntary, there must be a showing of coercive police activity. *United States v. Cody*, 498 F.3d 582, 588 (6th Cir. 2007). For a waiver to be knowing and intelligent, it must be made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* That is, the suspect must understand that he has the right to remain silent, the right to an attorney, and that his statements could be used against him. *Colorado v. Spring*, 479 U.S. 564, 574, 107 S.Ct. 851 (1987).

In this case, the Court found credible the testimony of Special Agent Jared Sullivan, who testified to reading Thornton a complete set of *Miranda* rights at the scene of the arrest directly from a DEA 13-A form card. Agent Sullivan's statement was corroborated by Task Force Officer Charles Springer, who testified that he recalled Thornton being read his *Miranda* rights at the scene. Further, in a video recording showing the beginning of Thornton's interview at the DEA office, law enforcement reiterated that they had advised Thornton of his rights "out on the road." *See, e.g.,* (DE 168 at 2). Consistent with the mandate of *Miranda,* Thornton was properly warned of his rights.

As to waiver, the Court finds no evidence in the testimony presented, on the DEA Form 6, or in the video recording of the interrogation, that Thornton ever expressed any type of

misunderstanding as to his rights, and certainly no evidence of duress or coercion accompanying the waiver. Quite the opposite, Thornton's overall demeanor, cooperation, and conversation with the officers throughout the interrogation video showed his awareness of the situation, its seriousness, and an understanding of the rights being waived. Evidence from the hearing suggested that Thornton is familiar with the criminal justice system, and the Court believed it clear that Thornton had a continued understanding of the gravity of the situation he faced in this case. At no point did Thornton ask for an attorney or pose any questions at all regarding his rights, but instead appeared to have complete comprehension. Here, the totality of the circumstances shows the requisite level of comprehension and uncoerced choice required for proper waiver, and the Court finds that Thornton voluntarily, knowingly, and intelligently waived his *Miranda* rights. *See Colorado,* 479 U.S. at 573, 107 S.Ct. 851.

### B. Delay Between Warning and Interview

The Court also finds that Thornton was not required to be readvised of his *Miranda* rights prior to his interview. A suspect may need to be readvised of his rights, "if the circumstances seriously changed between the initial warnings and the interrogation. *Treesh v. Bagley*, 612 F.3d 424, 432 (6th Cir. 2010) (citing *Wyrick v. Fields*, 459 U.S. 42, 47 (1982)). Courts "apply a totality-of-the-circumstances test when considering whether a delay between reading the *Miranda* warnings and custodial interrogation requires the interrogating officers to readvise the suspect of his *Miranda* rights." *Id.* (citing *United States v. Weekley*, 130 F.3d 747, 751–52 (6th Cir. 1997)). Courts should take into consideration all the circumstances surrounding the interrogation, including:

> (1) the time elapsing between arrest and arraignment of the defendant, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b); *see United States v. Shields*, No. 5:16-085-DCR, 2016 WL 7407709, at *6 (E.D. Ky. Dec. 22, 2016).

In this case, the Court has already found that Thornton was given full and adequate *Miranda* warnings upon his arrest. Following his arrest, Thornton was in continuous custody with approximately four hours elapsing between his arrest and interrogation. Such a delay does not necessarily require refreshed *Miranda* warnings—the United States Court of Appeals for the Sixth Circuit has held that delays of two hours, *Treesh v. Bagley*, 612 F.3d 424, 432 (6th Cir. 2010), and up to twenty-four hours, *United States v. McNeil*, 106 F. App'x 294, 301 (6th Cir. 2004), did not require new *Miranda* warnings. In this case, there was no delay in which Thornton was out of custody, or otherwise left in a cell for an extended period, but instead he was in the company of arresting officers during much of the delay. As such, the length of time itself cannot be said to have seriously changed the circumstances from those existing during the initial warnings.

Further, the Court finds that Thornton was sufficiently aware of the severity of his situation at the time of the warnings. This is clearly evidenced by phone calls placed by Thornton while in the back of the police cruiser following his arrest during which he instructed the other individual to "clean the f__ house," "reboot and erase my phones," stated he was "about to go to jail," faced a lengthy prison sentence, and described the situation as "100 serious shit." In addition, while his location changed from the scene of the arrest to the interrogation room, the circumstances again did not—Thornton remained in custody and, as evidenced by Thornton's demeanor on the video recording, retained an understanding of the seriousness of the situation. Put simply, and in looking at the totality of the circumstances, there was not a change significant enough to require officers to re-advise Thornton of his rights.

## II. Motion to Sever (DE 138)

4

At the hearing, the Court also addressed Thornton's Motion to Sever (DE 138). The motion argues that Thornton should be severed from co-defendants for purposes of trial, since law enforcement obtained statements by several co-defendants implicating Thornton in the purported drug trafficking conspiracy. (DE 138 at 2). Previously, the Court has ordered that the redaction of several statements to be introduced by the United States was inadequate, but reserved ruling on the motion for severance. (DE 207).

The United States has since informed the Court that it will not seek to introduce the video or transcript in issue, and will otherwise limit the introduction of direct testimony to that which is inculpatory of the relevant co-defendant, and not Thornton. As such, the Court denies as moot Thornton's Motion to Sever (DE 138). However, the Court orders the United States to proffer anticipated direct testimony regarding these statements to the Court in its pretrial filings to be screened for potential issues regarding Thornton's Confrontation Clause.

### III. Conclusion

Accordingly, and consistent with its rulings from the hearing held on August 9, 2018, the Court **HEREBY ORDERS** the following:

(1) Defendant Thornton's Motion to Suppress (DE 168) is **DENIED**;

(2) Defendant Thornton's Motion to Sever (DE 138) is **DENIED AS MOOT**; and

(3) The United States of America is ordered to proffer anticipated direct testimony evidence as instructed above with its pretrial filings.

Dated August 14, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY